**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHELE A. LEAHY, | CIVIL ACTION |
| *Plaintiff,* | |
| v. | Case No. 2:24-cv-06596-KSM |
| BLACK SHEEP INC. d/b/a THE BLACK SHEEP PUB AND RESTAURNT, and GL SEVENTEENTH LP | |
| *Defendants.* | |

**MEMORANDUM OF LAW SUPPORTING DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

**THE PEARLMAN LAW FIRM, PLLC**

JASON L. PEARLMAN, ESQUIRE
PA ID #93879
TWO BALA PLAZA, SUITE 300
BALA CYNWYD, PA 19004
Telephone (610) 660-7793
jpearlman@pearlmanlawfirm.com
*Counsel for Defendants*

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. PROCEDURAL AND FACTUAL BACKGROUND ........................................................1

   A. Plaintiff's Complaint ......................................................................................................1

     1. Plaintiff's ADA Claim ............................................................................................2

     2. Plaintiff's PHRA Claim ..........................................................................................2

     3. Relief Sought ..........................................................................................................3

   B. Defendants' Answer With Affirmative Defenses ...........................................................3

III. LEGAL STANDARD ........................................................................................................3

   A. Defendant's Motion for Judgment on the Pleadings Is Ripe for Disposition ............3

   B. Rule 12(c) Standard .......................................................................................................4

IV. ARGUMENT ....................................................................................................................5

   A. Defendant Is Entitled to Judgment Because Plaintiff Has Failed to Plead Exhaustion of Administrative Remedies Under the PHRA ...........................................................5

     1. Plaintiffs Alleging PHRA Violations Are Required to Exhaust Administrative Remedies ...........................................................................................................6

     2. Plaintiff's PHRA Claim Should Be Dismissed for Failure to Exhaust Administrative Remedies ...........................................................................................8

   B. Defendant Is Entitled to Judgment Because Plaintiff Has Failed to Plead Exhaustion of Administrative Remedies Under the ADA ............................................................9

     1. Plaintiffs Alleging ADA Violations Are Required to Exhaust Administrative Remedies ...........................................................................................................10

     2. Plaintiff's ADA Claim Should Be Dismissed for Failure to Exhaust Administrative Remedies ...........................................................................................16

V. CONCLUSION....................................................................................................................17

# TABLE OF AUTHORITIES

## Cases

*Almashleh v. United States*, 2008 U.S. Dist. LEXIS 9047 (W.D.Pa. Feb. 7, 2008) ........................3

*Anderson v. J.P. Morgan Chase Bank*, 2024 U.S. Dist. LEXIS 57413 (E.D.Pa. March 29, 2024) ................................................................................................................................ 5-7

*Atiyeh v. Nat'l Fire Ins. Co.*, 2010 U.S. Dist. 742 F.Supp.2d 591 (E.D.Pa. 2010) ........................4

*Austin Powder Co. v. Knorr Contr., Inc.*, 2009 U.S. Dist. LEXIS 23689 (M.D.Pa. March 20, 2009) ..............................................................................................................................4

*Briston v. County of Allegheny*, 2009 U.S. Dist. LEXIS 155295 (W.D.Pa. Nov. 23, 2009) ..........4

*Burgh v. Borough Council*, 251 F.3d 465 (3d Cir. 2001) ...................................................... 7-10, 16

*Burkhart v. Asean Shopping Ctr., Inc.*, 55 F.Supp.2d 1013 (D.Ariz. 1999) ........................... 15-17

*Burkhart v. Widener Univ., Inc.*, 70 F. App'x 52 (3d Cir. 2003) ............................................11, 15

*Carlson v. Beemer*, 225 F.Supp.3d 297 (M.D.Pa. 2016) ........................................................ 11-12

*Central Trust Co. v. Second Nat'l Bank*, 1 F.R.D. 98 (W.D.Pa. 1939) ...................................... 3-4

*Churchill v. Star Enters.*, 183 F.3d 184 (3d Cir. 1999) ..............................................5-7, 10-11, 16

*Conway v. Davey Tree Expert Co.*, 2015 U.S. Dist. LEXIS 35133 (W.D.Pa. March 20, 2015) .....8

*Edwards v. Rivello*, 2024 U.S. Dist. LEXIS 89803 (M.D.Pa. May 20, 2024) ........................... 4-5

*Ethypharm S.A. Fr. v. Abbott Labs.*, 707 F.3d 223 (3d Cir. 2013) .................................................11

*Harrison v. Health Network Lab'ys Ltd.*, 232 A.3d 674 (Pa. 2020) .......................................... 6-7

*Hill v. Park*, 2004 U.S. Dist. LEXIS 1395 (E.D.Pa. Jan. 27, 2004) ..............................................11

*Hines v. Lanigan*, 2024 U.S. Dist. LEXIS 32059 (D.N.J. Feb. 24, 2024) ....................................16

*Home Indem. Co. v. Consolid. Dressed Beef Co.*, 353 F.Supp. 1297 (E.D.Pa. 1973) ....................4

*Howard v. Cherry Hills Cutters, Inc.*, 979 F.Supp. 1307 (D.Colo. 1997) .....................................13

*Isaac's Deli, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 539 F.Supp.3d 424 (E.D.Pa. 2021) ..........4

*Jamison v. Klem*, 544 F.3d 266 (3d Cir. 2008) .............................................................................11

*Jones v. Bock*, 549 U.S. 199 (2007) ................................................................................................3

*Leach v. Colvin*, 2016 U.S. Dist. LEXIS 96718 (M.D.Pa. June  20, 2016) ...................................11

*Lechthaler v. Mountainview Thoroughbred Racing Ass'n*, 2015 U.S. Dist. LEXIS 148104 (M.D.Pa. Oct. 2, 2015), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 147842, *1-2 (M.D.Pa. Nov. 2, 2015) ..................................................................................................... 6-8

*Lillard v. Sunflower Farmers Mkt., Inc.*, 2012 U.S. Dist. LEXIS 168083 (D.Colo. Nov. 27, 2012) ........................................................................................................................... 12-13, 16

*Mayes v. Allison*, 983 F.Supp. 923 (D.Nev. 1997) ................................................................. 13-16

*Murphy v. Grochowski*, 2020 U.S. Dist. LEXIS 2875 (M.D.Pa. Jan. 7, 2020) .............................3

*Pa. Nat'l Mut. Cas. Inc. Co. v. Ford Motor Co.*, 2024 U.S. Dist. LEXIS 175281 (E.D.Pa. Sept. 26, 2024) ...................................................................................................................................5

*Price v. Phila. Elec. Co.*, 790 F.Supp. 97 (E.D.Pa. 1992) .........................................................8

*Pruitt v. T-Mobile USA, Inc.*, 2024 U.S. Dist. LEXIS 88713 (W.D.Pa. May 16, 2024) ...............5

*Reid v. Heartland Payment Sys.*, 2018 U.S. Dist. LEXIS 8627 (E.D.Pa. Jan. 19, 2018) ............16

*Sabel v. Saint Lazarus Bar*, 2019 U.S. Dist. LEXIS 110929 (E.D.Pa. July 1, 2019) ............... 9-10

*Saleski-Shingara v. VNA Health Sys.*, 2014 U.S. Dist. LEXIS 156782 (M.D.Pa. Nov. 5, 2014) 7-9

*Simko v. U.S. Steel Corp.*, 992 F.3d 198 (3d Cir. 2021) ................................................... 10-11, 16

*Snyder v. San Diego Flowers*, 21 F.Supp.2d 1207 (S.D.Cal. 1998) ....................................... 13-16

*Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004) ...........................................................................3

*Turbe v. Gov't of the V.I.*, 938 F.2d 427 (3d Cir. 1991)) ...........................................................5

*Vandervoort v. Pa. Sch. Bd. Ass'n*, 2022 U.S. Dist. LEXIS 59259 (W.D.Pa. March 30, 2022) ...11

*Winans v. Cox Auto., Inc.*, 669 F.Supp.3d 394 (E.D.Pa. 2023) ...............................................10, 16

*Woodson v. Scott Paper Co.*, 109 F.3d 913 (3d Cir. 1997) ...................................................... 6-8

*Zimmerman v. Corbett*, 873 F.3d 414 (3d Cir. 2017) ............................................................ 4-5

## Pennsylvania Statutes

43 Pa.C.S. §§953...........................................................................................................................6

43 Pa.C.S. §955.............................................................................................................................6

43 Pa.C.S. §§959...................................................................................................................... 5-7

43 Pa.C.S. §962......................................................................................................................... 5-7

## Federal Statues

42 U.S.C. 2000a..................................................................................................................... 12-16

42 U.S.C. 2000e............................................................................................................................5

42 U.S.C §12117(a) ......................................................................................................................5

42 U.S.C §12181..................................................................................................................... 9-10

42 U.S.C §12182............................................................................................................2, 9-10, 13-15

42 U.S.C §12188 ....................................................................................................... 9, 12-15

**Federal Regulations**

28 C.F.R. §36.304(a) .....................................................................................................10

**Federal Rules**

Fed.R.Civ.P. 7(a) ........................................................................................................ 3-4

Fed.R.Civ.P. 8(c) ...........................................................................................................3

Fed.R.Civ.P. 12(b)(6) ................................................................................................. 4-5

Fed.R.Civ.P. 12(c) ...................................................................................................... 3-5

**Other Authorities**

3d Cir. IOP 5.7 ......................................................................................................... 11-12

## I.    INTRODUCTION

Plaintiff Michele A. Leahy ("Plaintiff") has brought this action against Defendants Black Sheep Inc. and GL Seventeenth, LP (referred to collectively herein as "Defendant Black Sheep"), as owners, lessors and/or operators of the Black Sheep Pub and Restaurant ("Black Sheep Pub"), alleging violations of the Americans with Disability Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). The Complaint avers that Plaintiff has spina bifida and is wheelchair-bound, and that she visited the Black Sheep Pub on an unspecified date and was denied access due to stairs at the entrance. Plaintiff seeks substantial injunctive relief, money damages (under the PHRA only), and attorney's fees.

Plaintiff's Complaint fails to allege that she has exhausted administrative remedies as to the PHRA or ADA, which is a prerequisite to bringing her claims in federal court. The Court should therefore grant Defendants' Motion for Judgment for failure to exhaust administrative remedies under the PHRA or ADA.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiff's Complaint

Plaintiff Leahy avers in her Complaint that she "suffers from spina bifida and myasthenia gravis among other various disabilities, which constitutes a 'qualified disability' under the [ADA], and utilizes a wheelchair as her primary means of mobility." *See* Complaint attached at **Exhibit 1**, at ¶4. The Complaint alleges that "[t]he Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit." Ex. 1 at ¶4. It further alleges "Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access …, and therefore suffered an injury in fact." Ex. 1 at ¶14. The Complaint does not state on what date or dates Plaintiff visited the Black Sheep Pub. Ex. 1.

1

The Complaint sets forth two counts: (1) violations of the ADA; and (2) violations of the PHRA. Ex. 1 at Counts I and II.

### 1.    *Plaintiff's ADA Claim*

In ADA Count I, Plaintiff alleges that the Black Sheep Pub—which is referred to in the Complaint as the "Subject Facility"—is a place of public accommodation which "has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications." Ex. 1 at ¶12. The Complaint further alleges Defendant discriminated against Plaintiff "in derogation of" the ADA "by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable." Ex. 1 at ¶13. The Complaint lists 34 separate alleged violations of ADA regulations, including "[f]ailure to provide an accessible entrance," "[f]ailure to provide adequate access to the upper level, with no elevator access," and "[f]ailure to provide adequate access to the lower level 'Basement Bar' due to a flight of steps leading to the lower level, with no elevator access…." Ex. 1 at ¶16(i)-(iv).

### 2.    *Plaintiff's PHRA Claim*

In PHRA Count II, Plaintiff alleges Defendant Black Sheep is a place of public accommodation which is in alleged "violation of both the PHRA and the ADA by denying the Plaintiff full and safe access to all of the benefits, accommodations and services" by failing "to remove architectural barriers present at said facility, … despite decades of statutory notice[.]" Ex. 1 at ¶¶24-25, 29.

The Complaint does not allege that Plaintiff exhausted administrative remedies under either the PHRA or ADA. *See* Ex. 1.

2

### 3. *Relief Sought*

Plaintiff's Complaint seeks attorney's fees under both the PHRA and ADA (Ex. 1 at ¶31), injunctive relief under both statutes (¶¶32, 34), and money damages under the PHRA only (¶33).

### B. Defendants' Answer With Affirmative Defenses

In its Answer With Affirmative Defenses, Defendant Black Sheep denied violating either the PHRA or ADA. *See* Answer attached at **Exhibit 2**. Defendant also set forth various affirmative defenses, including failure to exhaust administrative remedies. *See* Ex. 2 at Thirteenth Affirm. Defense.

## III. LEGAL STANDARD

Rule 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c).

### A. Defendant's Motion for Judgment on the Pleadings Is Ripe for Disposition

Defendants filed an Answer setting forth the affirmative defense of failure to exhaust administrative remedies (among others). Ex. 2; ECF 6. *See Murphy v. Grochowski*, 2020 U.S. Dist. LEXIS 2875, *10 (M.D.Pa. Jan. 7, 2020) ("Failure to exhaust available administrative remedies is an affirmative defense.") (*citing Jones v. Bock*, 549 U.S. 199, 216 (2007)). "Technically speaking, as an affirmative defense, [failure to exhaust administrative remedies] should be asserted in the defendant's answer, *see* Fed.R.Civ.P. 8(c), and raised by way of a motion for judgment on the pleadings under Rule 12(c)." *Almashleh v. United States*, 2008 U.S. Dist. LEXIS 9047, *8 (W.D.Pa. Feb. 7, 2008) (*citing Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004)).

Defendant's Answer does not set forth any counterclaims and the Court had not ordered Plaintiff to file a Reply; therefore, no Reply is required (or permitted). *See Central Trust Co. v. Second Nat'l Bank*, 1 F.R.D. 98, 99 (W.D.Pa. 1939) (noting "*[a] reply under the Rules of Civil*

*Procedure is required if the answer contains a counterclaim, denominated as such, and also, where the court orders a reply to an answer.* The defendant did not aver in his answer a counterclaim, and this court did not require, a reply to the answer filed."); *Briston v. County of Allegheny*, 2009 U.S. Dist. LEXIS 155295, *15 (W.D.Pa. Nov. 23, 2009) ("Pleadings are deemed 'closed' upon the filing of a complaint and answer, unless a counterclaim, cross-claim, or third-party answer will mark the pleadings closed.") (*citing* Fed.R.Civ.P. 7(a) ("Only these pleadings are allowed: … (7)  if the court orders one, a reply to an answer.").

The relevant pleadings are therefore closed and Defendant's Motion for Judgment on the Pleadings under Rule 12(c) is ripe for determination. *See Home Indem. Co. v. Consolid. Dressed Beef Co.*, 353 F.Supp. 1297, 1299 (E.D.Pa. 1973) ("All of the defendants have filed answers to the complaint. Neither a counterclaim (denominated as such) nor a cross-claim has been pleaded in the answers, and the Court has not ordered plaintiff to reply to the answers. Under Rule 7(a), … the pleadings are closed and plaintiff's motion will not delay trial if there is to be one. The motion is ripe for decision."); *Isaac's Deli, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 539 F.Supp.3d 424, 428 (E.D.Pa. 2021) ("The pleadings are closed after an answer is filed, along with a reply to any additional claims asserted in the answer.") (*quoting Atiyeh v. Nat'l Fire Ins. Co.*, 2010 U.S. Dist. 742 F.Supp.2d 591, 595 (E.D.Pa. 2010) (*citing Austin Powder Co. v. Knorr Contr., Inc.*, 2009 U.S. Dist. LEXIS 23689, *1-2 (M.D.Pa. March 20, 2009) (*citing* Fed.R.Civ.P. 7(a)).

## B.    Rule 12(c) Standard

"A Rule 12(c) motion for judgment on the pleadings is decided under a standard similar to a Rule 12(b)(6) motion to dismiss." *Edwards v. Rivello*, 2024 U.S. Dist. LEXIS 89803, *4 (M.D.Pa. May 20, 2024) (*citing Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017)). "That

is, judgment on the pleadings should be granted only when, accepting as true the facts alleged by the nonmovant and drawing all reasonable inferences in that party's favor, the movant is entitled to judgment as a matter of law." *Id.* (*citing Zimmerman*, 873 F.3d at 417-18). *See also Pa. Nat'l Mut. Cas. Inc. Co. v. Ford Motor Co.*, 2024 U.S. Dist. LEXIS 175281, *4 (E.D.Pa. Sept. 26, 2024) ("A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed using same standard as a motion to dismiss under Rule 12(b)(6)," in which "the Court must accept the allegations in the complaint as true and draw all reasonable factual inferences in favor of [plaintiff].") (*citing Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)).

## IV.    ARGUMENT[1]

"[B]oth the ADA and PHRA require pursuit of administrative remedies before a plaintiff may file a complaint in court." *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir. 1999). *See also Pruitt v. T-Mobile USA, Inc.*, 2024 U.S. Dist. LEXIS 88713, *8-9 (W.D.Pa. May 16, 2024) ("Title VII, the PHRA, and the ADA all require the exhaustion of administrative remedies prior to the filing of a lawsuit.") (*citing* 42 U.S.C. 2000e-5(b), (e)(1), (f)(1); 43 Pa.C.S. §§959, 962; 42 U.S.C §12117(a) (adopting Title VII enforcement scheme and remedies for ADA).

Plaintiff Leahy's Complaint fails to plead that she exhausted administrative remedies under the PHRA or ADA. The Court should therefore grant Defendant Black Sheep's Motion for Judgment on the Pleadings.

### A.    Defendant Is Entitled to Judgment Because Plaintiff Has Failed to Plead Exhaustion of Administrative Remedies Under the PHRA

"The principal legislative vehicle in Pennsylvania for assuring the civil rights of all citizens of the Commonwealth is the [PHRA]," which "prohibits discrimination in employment, housing, public accommodations, education, and commercial property based on a person's sex,

---

[1] Unless otherwise stated, all emphases are added, and citations, quotations marks, footnotes, ellipses and brackets are omitted.

religious creed, and race." *Anderson v. J.P. Morgan Chase Bank*, 2024 U.S. Dist. LEXIS 57413, *7 (E.D.Pa. March 29, 2024).[2] "Like the ADA, the PHRA makes it an unlawful discriminatory practice for any person being the owner, lessee, proprietor, manager, superintendent, agent or employee of any public accommodation to operate such place of public accommodation which is not accessible." *Lechthaler v. Mountainview Thoroughbred Racing Ass'n*, 2015 U.S. Dist. LEXIS 148104, *8-9 (M.D.Pa. Oct. 2, 2015) (*citing* 43 Pa.C.S. §955(i)(4)).[3]

As set forth below, Plaintiff Leahy was required to exhaust administrative remedies before bringing her lawsuit for alleged PHRA violations in this Court, and her failure to do so mandates dismissal of her claim.

### 1. Plaintiffs Alleging PHRA Violations Are Required to Exhaust Administrative Remedies

"Pennsylvania law requires that a plaintiff exhaust his [or her] administrative remedies under the PHRA prior to filing a civil lawsuit." *Anderson*, 2024 U.S. Dist. LEXIS 57413, at *8 (*citing* 43 Pa.C.S.A. §962(c)(1); *Harrison v. Health Network Lab'ys Ltd.*, 232 A.3d 674, 683 (Pa. 2020); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 25 (3d Cir. 1997)). *See also Lechthaler*, 2015

---

[2] The PHRA provides, in relevant part:

> The opportunity for an individual to … obtain all the accommodations, advantages, facilities and privileges of any public accommodation … without discrimination because of race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, national origin, … is hereby recognized and declared to be a civil right which shall be enforceable as set forth in this act.

*Anderson*, 2024 U.S. Dist. LEXIS 57413, at *7 (E.D.Pa. March 29, 2024) (*quoting* 43 Pa.C.S.A. §953).

[3] Under the PHRA, "[i]t is an unlawful discriminatory practice for":

> [A] lessee, proprietor, manager, superintendent, agent or employee of any pubic accommodation, resort or amusement to … [r]efuse, withhold from, or deny to any person because of his race, color, sex, religious creed, ancestry, national origin or handicap or disability … any of the accommodations, advantages, facilities or privileges of such public accommodation, resort or amusement.

*Anderson*, 2024 U.S. Dist. LEXIS 57413, at *7-8 (*quoting* 43 Pa.C.S.A. §955(i)(1)).

U.S. Dist. LEXIS 148104, at *8 ("The PHRA establishes administrative remedies and procedures that claimants must exhaust prior to bringing a civil action in court.").

"[I]n order to proceed with a claim under the PHRA, the complainant must first file a complaint with the PHRC within 180 days after the alleged discriminatory act occurred." *Saleski-Shingara v. VNA Health Sys.*, 2014 U.S. Dist. LEXIS 156782, *12 (M.D.Pa. Nov. 5, 2014) (*citing* 43 Pa.C.S. §§959(a), 962; *Woodson*, 109 F.3d at 913)). "***[A] party must wait one year after filing charges with the PHRC for alleged PHRA violations before having the option to*** forego the state administrative process and ***file suit in court***." *Churchill*, 183 F.3d at 190-91 (*citing* 43 Pa.C.A. §962(c)(1)). *See also Burgh v. Borough Council*, 251 F.3d 465, 471 (3d Cir. 2001) ("The PHRA … requires that claims be brought first to an administrative agency, the PHRC, which has exclusive jurisdiction over the claim for a period of one year in order to investigate and, if possible, conciliate the matter.") (*citing* 43 Pa.C.S.A. §962(c)(1)).[4]

"In order to proceed with his or her claim in court, ***a plaintiff must plead exhaustion of these requirements***; ***failure to exhaust remedies under the PHRA would preclude the court from exercising jurisdiction over a claim for violation of the PHRA***." *Saleski-Shingara*, 2014 U.S. Dist. LEXIS 156782, at *12. "The requirement to file with the PHRC is strictly enforced, and persons with cognizable claims under the PHRA must avail themselves of the administrative

---

[4] Section 962(c)(1) of the PHRA provides:

> In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act.

43 Pa.C.S.A. §962(c)(1).

process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act." *Conway v. Davey Tree Expert Co.*, 2015 U.S. Dist. LEXIS 35133, *10 (W.D.Pa. March 20, 2015) (*citing Woodson*, 109 F.3d at 924). *See also Price v. Phila. Elec. Co.*, 790 F.Supp. 97, 100 (E.D.Pa. 1992) ("In the absence of exhaustion, a cause of action under the PHRA is fatally flawed from the moment it is filed.").

### 2.    *Plaintiff's PHRA Claim Should Be Dismissed for Failure to Exhaust Administrative Remedies*

Plaintiff Leahy's Complaint fails to plead that she exhausted administrative remedies with respect to her PHRA claim. *See* Ex. 1. As set forth above, "a plaintiff must plead exhaustion of these requirements" and "failure to exhaust remedies under the PHRA would preclude the court from exercising jurisdiction over a claim for violation of the PHRA" (*Saleski-Shingara*, 2014 U.S. Dist. LEXIS 156782, at *12), which requirement "is strictly enforced[.]" *Conway*, 2015 U.S. Dist. LEXIS 35133, *10.

Plaintiff's failure to plead facts supporting exhaustion of administrative remedies mandates dismissal of her PHRA claim (Count II). *See Lechthaler*, 2015 U.S. Dist. LEXIS 148104, at *10-11 (recommending grant of motion for judgment on pleadings as to disabled plaintiff's PHRA claim against defendant casino because the complaint was "devoid of any facts that allege the plaintiff filed a charge of discrimination with … the PHRC," and thus the Court was "constrained to recommend that the PHRA claim … be dismissed for failure to exhaust administrative remedies."), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 147842, *1-2 (M.D.Pa. Nov. 2, 2015) (granting motion for judgment on pleadings as to PHRC claim for failure to exhaust administrative remedies); *Anderson*, 2024 U.S. Dist. LEXIS 57413, at *8 ("Plaintiff makes no suggestion in his complaint that he ever pursued any administrative remedies. Therefore, this Court finds that plaintiff failed to exhaust the administrative

prerequisites to filing this action in federal court.") (*citing Burgh*, 251 F.3d at 471); *Saleski-Shingara*, 2014 U.S. Dist. LEXIS 156782, at *16 ("Plaintiff is … required to plead exhaustion of administrative remedies under the PHRA as a mandatory precondition to any judicial claim. As such, … plaintiff's complaint fails to meet the jurisdictional requirements necessary to file a claim in this court.").

The Court should therefore grant Defendant Black Sheep's Motion for Judgment on the Pleadings as to Plaintiff's PHRA claim.

### B.    Defendant Is Entitled to Judgment Because Plaintiff Has Failed to Plead Exhaustion of Administrative Remedies Under the ADA

"Title III of the ADA prohibits disability discrimination in places of public accommodation." *Sabel v. Saint Lazarus Bar*, 2019 U.S. Dist. LEXIS 110929, *10 (E.D.Pa. July 1, 2019) (*citing* 42 U.S.C. §12182(a)).[5] "Title III affords a private right of action 'to any person who is being subjected [by a place of public accommodation] to discrimination on the basis of disability." *Id.* (*quoting* 42 U.S.C. §12181(a)(1)). While the ADA permits "prospective injunctive relief," plaintiffs "are not entitled to money damages" under the statute. *Id.* at *10 n.4 (*citing* 42 U.S.C. §12188(a)).

"To recover on a claim for discrimination under Title III, a plaintiff must prove (1) that she is disabled within the meaning of the ADA; (2) that defendants are a place of public accommodation or that they own, lease, or operate a place of public accommodation; and (3) that she was discriminated against on the basis of her disability by defendants denying her the full and equal enjoyment of public accommodations." *Sabel*, 2019 U.S. Dist. LEXIS 110929, *10.

---

[5] Section 12182(a) states: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a).

"Title III specifically prohibits a public accommodation's 'failure to remove architectural barriers … in existing facilities … where such removal is readily achievable.'" *Id*. at \*11 (*quoting* 42 U.S.C. §12182(b)(2)(A)(iv)).

"[T]he ADA requires that public accommodations install a permanent ramp only if installation is 'readily achievable,'" which "means 'easily accomplishable and able to be carried out without much difficulty or expense.'" *Sabel*, 2019 U.S. Dist. LEXIS 110929, at \*12-13 (*quoting* 42 U.S.C. §12181(9); 28 C.F.R. §36.304(a)). The ADA sets forth factors to consider in determining whether ramp installation is "easily accomplishable," including: the nature and cost of the action needed, the overall financial resources of the facility, the size of the business, and the impact on business operations. *Id*. at \*12-14 (finding "defendants are not liable under the ADA because installing a permanent ramp at [defendant bar] [wa]s not readily achievable … because there [wa]s not enough space to accommodate fourteen feet at the main entrance") (*citing* 42 U.S.C. §12181(9)).

As set forth below, Plaintiff Leahy was required to exhaust administrative remedies before suing Defendant Black Sheep for alleged ADA violations in this Court, and her failure to do so requires dismissal of her claim.

### 1. *Plaintiffs Alleging ADA Violations Are Required to Exhaust Administrative Remedies*

"[T]he ADA requires that a plaintiff administratively exhaust all claims before seeking relief in federal court." *Simko v. U.S. Steel Corp.*, 992 F.3d 198, 204 (3d Cir. 2021) (*citing Burgh*, 251 F.3d 465, 469 (3d Cir. 2001)). *See also Vandervoort v. Pa. Sch. Bd. Ass'n*, 2022 U.S. Dist. LEXIS 59259, \*27 (W.D.Pa. March 30, 2022) ("[P]laintiffs must exhaust their administrative remedies before filing an ADA claim in federal court.") (*citing Churchill*, 183 F.3d at 190) (noting that claims asserted under the ADA must be filed in adherence with the administrative

procedures set forth in Title VII); *Winans v. Cox Auto., Inc.*, 669 F.Supp.3d 394, 401 (E.D.Pa. 2023) ("Before filing an ADA claim in federal court, a plaintiff must exhaust his administrative remedies.") (*citing Simko*, 992 F.3d at 204).

Defendant Black Sheep acknowledges that the Third Circuit has held in a non-precedential opinion that a plaintiff in a private Title III ADA action is not required to exhaust administrative remedies before filing a federal lawsuit (*see Burkhart v. Widener Univ., Inc.*, 70 F. App'x 52, 54 (3d Cir. 2003), and that this Court has followed *Burkhart*. *See, e.g.*, *Hill v. Park*, 2004 U.S. Dist. LEXIS 1395, *8-10 (E.D.Pa. Jan. 27, 2004). This Court should decline to follow *Burkhart*, however, for several reasons.

**First**, *Burkhart* is non-precedential and thus is not binding on this Court. *See Ethypharm S.A. Fr. v. Abbott Labs.*, 707 F.3d 223, 233 n.18 (3d Cir. 2013) (declining to address opinion upon which one party heavily relied because it was non-precedential) (*citing* 3d Cir. IOP 5.7 (2010) ("The Court by tradition does not cite to its not-precedential opinions as authority."); *Jamison v. Klem*, 544 F.3d 266, 278 n.11 (3d Cir. 2008) (rejecting District Court's reliance on non-precedential opinion, stating: "We have steadfastly attempted to discourage District Courts as well as attorneys from relying on non-precedential opinions of this Court" because "unlike precedential opinions, they do not circulate to the entire court before they are filed" and thus "not every judge on the court has had an opportunity to express his/her views about the opinion before it is filed."). *See also Leach v. Colvin*, 2016 U.S. Dist. LEXIS 96718, *4 n.2 (M.D.Pa. June 20, 2016) (rejecting party's citation to non-precedential opinion because although it was "directly on point, the courts of this circuit give no authority to non-precedential opinions.") (*citing* 3d Cir. IOP 5.7); *Carlson v. Beemer*, 225 F.Supp.3d 297, 305 (M.D.Pa. 2016) ("Non-precedential decisions 'have value only to the trial court or the parties.'") (*quoting* 3d Cir. IOP 5.7).

***Second***, "[t]he plain language of 42 U.S.C. §12188[6] compels the construction" that Title III of the ADA requires a plaintiff to exhaust administrative remedies. *Lillard v. Sunflower Farmers Mkt., Inc.*, 2012 U.S. Dist. LEXIS 168083, *2 (D.Colo. Nov. 27, 2012). Section 12188 states: "[T]he *remedies and procedures* set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000a-3(a)) are the *remedies and procedures* of this title." *Id.* at *2-3 (italics in original) (*quoting* 42 U.S.C. §12188).

As explained by the *Lillard* Court:

> Section 2000a-3(a) sets forth the *remedies* and authorizes aggrieved parties to commence a civil action for injunctive relief. Section 2000-3(c) sets forth the *procedure* for commencing a civil action and imposes a pre-suit notice requirement for relief under §2000a-3.
>
> If Congress intended only to incorporate the Civil Rights Act's remedies, and not procedures, it would have excluded the word "procedures" from 42 U.S.C. §12188. Accordingly, §2000a-3(a) is, in turn, limited by the notification requirement of §2000a-3(c),[7] which provides, in cases where state or local law

---

[6] Section 12188 provides in relevant part:

> The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter…. Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions.

42 U.S.C. §12188(a)(1).

[7] Section 2000a-3(c) provides in relevant part:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State … which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice …, no civil action may be brough under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority …, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

also prohibit the discriminatory acts or practices alleged, that individuals provide
written notice to the appropriate state or local authorities at least 20 days before
filing suit in federal court.

*Lillard*, 2012 U.S. Dist. LEXIS 168083, at *2-4 (italics in original) (*citing* 42 U.S.C. 2000a-3(a);

2000a-3(c)).

Plaintiff Leahy was thus required to exhaust administrative remedies before filing her

lawsuit against Defendant Black Sheep by the plain language of the ADA. *See Lillard*, 2012 U.S.

Dist. LEXIS 168083, at *4 (dismissing plaintiff's ADA claim for failure to provide pre-suit

notice required by 42 U.S.C. §2000a-3(c)) (*citing Howard v. Cherry Hills Cutters, Inc.*, 979

F.Supp. 1307, 1309 (D.Colo. 1997) ("Because Colorado law prohibits discriminatory practices in

places of public accommodation, §2000-3(c) required [plaintiff] to notify state authorities of the

act or practices of which he was complaining at least 30 days before filing his amended

complaint.").

***Third***, in the alternative, the ADA is ambiguous as to whether a Title III plaintiff must

exhaust administrative remedies before filing suit in federal court because while "[t]he language

of 12188(a) only specifically mentions §2000a-3(a), … its failure to say whether ADA actions

brought under §2000a-3(a) are subjected to the same requirements as those imposed on other

actions brought under the same statute creates a latent ambiguity." *Snyder v. San Diego Flowers*,

21 F.Supp.2d 1207, 1209-10 (S.D.Cal. 1998) (*citing Mayes v. Allison*, 983 F.Supp. 923, 924-25

(D.Nev. 1997) (holding §12182 was ambiguous as to whether statute incorporated paragraph (c)

along with paragraph (a) based in part on Department of Justice regulations implementing the

ADA incorporating paragraph (b) regarding attorney's fees, which the text of the statute does not

---

42 U.S.C. §2000a-3(c).

mention, because it "suggest[s] that other statutory sections (such as section 2000a-3(c)) might be valid notwithstanding the ADA's failure to expressly incorporate them.").

The *Snyder* Court observed that "[t]he legislative history indicates that Congress wished to … give people discriminated against on the basis of distinctions that the law has already prohibited" and thus it was "is logical to conclude that ADA actions are subject to the same prerequisites as the Title VII actions." *Id.* (*citing Mayes*, 983 F.Supp. at 924-25) (stating that "important legislative history … demonstrates an intent to adopt the entirety of 42 U.S.C. §2000a as the ADA's enforcement mechanism" because a House amendment ultimately adopted by Congress "specifies that the remedies and procedures of Title II of the 1964 Civil Rights Act' shall be the remedies and procedures of 42 U.S.C. §12182," which "implies that Congress intended for *all* of the 1964 Civil Rights Act (*i.e.* 42 U.S.C. §2000a), and not just one subsection, to apply to such enforcement actions.") (italics in original) (*citing* H.R. Conf. Rep. No. 101-596, at 80 (1990)).

The *Snyder* Court also noted that its holding was "fully consistent with the primary goal of the ADA: to ensure that public facilities provide equal access to all people irrespective of disability" because "[r]equiring potential plaintiffs to notify offenders and provide an opportunity to remediate before filing suit is likely to solve access problems more efficiently than allowing all violators to be dragged into litigation regardless of their willingness to comply voluntarily with the ADA once informed of its infractions." *Snyder*, 21 F.Supp.2d at 1210-11. The Court further stated: "***The goals of the ADA do not include creating an incentive for attorneys to seek statutory fees by laying traps for those who are ignorant of the law.*** The Court believes that the purposes of the ADA are best served by reserving private enforcement actions for knowing

violators who refuse to comply without an injunction." *Id.* (holding Section 12188(a) "does incorporate the requirements of §2000a-3(c) for civil actions under the ADA").

Plaintiff Leahy was therefore required to exhaust administrative remedies before filing her lawsuit in this Court for the alternative reason that Section 12182 is ambiguous and legislative history shows that Congress intended to adopt the entirety of Section 2000a-3 as the ADA's enforcement mechanism. *Snyder*, 21 F.Supp.2d at 1209-10; *Mayes*, 983 F.Supp. at 924-25.

***Fourth***, the argument that Section 12188(a)(1)'s explicit inclusion of Section 2000a-3(a) excludes other sections of Section 2000a-3 from the ADA—adopted by the Third Circuit in its non-precedential *Burkhart* opinion and followed by this Court in *Hill*—"fails to consider the second sentence of Section 12188(a)(1), which states that 'nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions.'" *Burkhart v. Asean Shopping Ctr., Inc.*, 55 F.Supp.2d 1013, 1016 (D.Ariz. 1999).

As the *Burkhart* Court explained, the second sentence of Section 12188(a)(1)'s "requirement that an aggrieved party have 'actual notice' of a violator's intent not to comply indicates that Congress expected the aggrieved party to notify the violator of the problem," because "[i]f the aggrieved party does not provide notice of the violation, the violator cannot provide responsive notice of whether or not it will comply." *Burkhart*, 55 F.Supp.2d at 1018. "[T]he question of what Congress considers sufficient notice by the aggrieved party" is answered by "look[ing] to §2000a-3(c) because it is already explicitly connected to §2000a-3(a)," and since "§2000a-3(c) sets forth notice requirements for parties who like ADA claimants have been harmed by discrimination[,] albeit based on race or gender rather than disability, it is plausible to

15

conclude that Congress intended the same notice requirement to apply to both groups." *Id.* (*citing Snyder*, 21 F.Supp.2d at 1210. "Thus, the notice provision set forth in §2000a-3(c) and linked to 2000a-3(a) delineates the steps necessary to satisfy the notice requirement of 12188(a)(1)." *Id.*

**In sum**, Plaintiff Leahy was required to exhaust administrative remedies under the ADA before filing her lawsuit in this Court.

> **2.    *Plaintiff's ADA Claim Should Be Dismissed for Failure to Exhaust Administrative Remedies***

Plaintiff Leahy's Complaint fails to plead that she exhausted administrative remedies with respect to her ADA claim. *See* Ex. 1. As set forth above, "the ADA requires that a plaintiff administratively exhaust all claims before seeking relief in federal court." *Simko*, 992 F.3d 198, 204 (3d Cir. 2021) (*citing Burgh,* 251 F.3d at 469); *see also Churchill*, 183 F.3d at 190; *Vandervoort*, 2022 U.S. Dist. LEXIS 59259, at \*27; *Winans*, 669 F.Supp.3d at 401. In addition, Title III of the ADA requires plaintiffs to exhaust administrative remedies by its plain language (*Lillard*, 2012 U.S. Dist. LEXIS 168083, at \*2-4; *Burkhart*, 55 F.Supp.2d at 1018) and its legislative history (*Snyder*, 21 F.Supp.2d at 1209-10; *Mayes*, 983 F.Supp. at 924-25).

Plaintiff's failure to plead exhaustion of administrative remedies mandates dismissal of her ADA claim. *See Churchill*, 183 F.3d at 190-91 (affirming grant of motion for judgment on the pleadings on plaintiff's ADA claims based on failure to exhaust administrative remedies); *Reid v. Heartland Payment Sys.*, 2018 U.S. Dist. LEXIS 8627, \*12-13 (E.D.Pa. Jan. 19, 2018) (dismissing ADA claim for failure to exhaust administrative remedies) (*citing Churchill*, 183 F.3d 190); *Hines v. Lanigan*, 2024 U.S. Dist. LEXIS 32059, \*13 (D.N.J. Feb. 24, 2024) ("Therefore, plaintiff's ADA claim is subject to dismissal for failure to exhaust because plaintiff did not complete the exhaustion process before filing suit.").

The Court should therefore grant Defendant Black Sheep's Motion for Judgment on the Pleadings as to Plaintiff's ADA claim.

## V.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully asks the Court to grant their Motion for Judgment on the Pleadings, and dismiss Plaintiff's Complaint, with prejudice.

Respectfully submitted,

**THE PEARLMAN LAW FIRM, PLLC**

Dated: February 11, 2025                    By: _____

JASON L. PEARLMAN, ESQ. (PA 93879)
TWO BALA PLAZA, SUITE 300
BALA CYNWYD, PA 19004
Telephone (610) 660-7793
jpearlman@pearlmanlawfirm.com
*Counsel for Defendants*

17