# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| MICHELE A. LEAHY | ) ) ) ) ) ) | |
| *Plaintiff(s)* | | |
| v. | | Civil Action No.  24-6596 |
| BLACK SHEEP INC, a Pennsylvania corporation, d/b/a THE BLACK SHEEP PUB AND RESTAURANT, and GL SEVENTEENTH LP, a Pennsylvania limited partnership, | ) ) ) ) ) ) | |
| *Defendant(s)* | | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> BLACK SHEEP INC.
>
> C/O THE BLACK SHEEP PUB & RESTAURANT
>
> 247 S. 17TH STREET
>
> PHILADELPHIA, PA 19103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

BEN-ZION BRADLEY WEITZ
THE WEITZ LAW FIRM PA
18305 BISCAYNE BLVD SUIE 214
AVENTURA, FL 33160

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____12/11/2024_____

*Michele Helmer*

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

_____
*Signature of Clerk or Deputy Clerk*

Civil Action No.    24-6596

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____    ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____    , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____    ; or

☐ I returned the summons unexecuted because _____    ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

MICHELE A. LEAHY,                              CASE NO: 2:24-cv-06596

      Plaintiff,

vs.                                                              **COMPLAINT**

BLACK SHEEP INC, a Pennsylvania
corporation, d/b/a THE BLACK SHEEP
PUB AND RESTAURANT, and GL
SEVENTEENTH LP, a Pennsylvania
limited partnership,

      Defendants.

_____/

Plaintiff, MICHELE A. LEAHY (hereinafter the "Plaintiff"), through her

undersigned counsel, hereby files this Complaint and sues BLACK SHEEP INC, a

Pennsylvania corporation, d/b/a THE BLACK SHEEP PUB AND RESTAURANT, and

GL SEVENTEENTH LP, a Pennsylvania limited partnership, (hereinafter, collectively, the

"Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to,

court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS

WITH DISABILITIES ACT ("ADA"), and the PENNSYLVANIA HUMAN

RELATIONS ACT, 43 PA. STATUTE § § 951-963 ("PHRA"), and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of

the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as

the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and

§343.

1

2.    Venue is proper in the EASTERN DISTRICT OF PENNSYLVANIA, pursuant to 28 U.S.C. §1391(b). in that all events giving rise to this lawsuit occurred within this judicial district.

3.    The remedies provided by the PENNSYLVANIA HUMAN RELATIONS ACT, 43 PA. STATUTE § § 951-963 are not exclusive and state administrative remedies need not be exhausted in connection with suits brought thereunder.

4.    At the time of Plaintiff's visit to THE BLACK SHEEP PUB AND RESTAURANT, prior to instituting the instant action, MICHELE A. LEAHY (hereinafter referred to as "Plaintiff"), who resides and works within short driving distance of Philadelphia, and who suffers from spina bifida and myasthenia gravis among other various disabilities, which constitutes a "qualified disability" under the Americans With Disability Act of 1990, and utilizes a wheelchair as her primary means of mobility.  The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit.

5.    The Defendants, BLACK SHEEP INC, a Pennsylvania corporation, d/b/a THE BLACK SHEEP PUB AND RESTAURANT, and GL SEVENTEENTH LP, a Pennsylvania limited partnership, are authorized to conduct, and are conducting business within the State of Pennsylvania.  Upon information and belief, BLACK SHEEP INC, is the lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the facility commonly referred to as THE BLACK SHEEP PUB AND RESTAURANT (hereinafter the "Subject Facility")

2

located at 247 S. 17th Street, Philadelphia, Pennsylvania (hereinafter and heretofore referred to collectively as "Defendants' Property"), which also maintains and controls the Subject Facility.  Upon information and belief, GL SEVENTEENTH LP, is the owner, lessor and/or operator of the real property where the Subject Facility is located which is the subject of this action, the facility commonly referred to as THE BLACK SHEEP PUB AND RESTAURANT, located at 247 S. 17th Street, Philadelphia, Pennsylvania (hereinafter and heretofore referred to collectively as "Defendants' Property"), which also maintains and controls the Subject Facility.

6.    All events giving rise to this lawsuit occurred in the City of Philadelphia, State of Pennsylvania.  Venue is proper in this Court as the premises is located in the State of Pennsylvania.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.    On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992.  42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)    discrimination against disabled individuals persists in such

3

critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)     individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9.      Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility is a place of public accommodation in that it is an establishment which provides goods and services to the public.

4

11.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

12.     The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

13.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property.  The Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact.  In addition, Plaintiff shall promptly visit the Subject Property in the future once it is made accessible and ADA compliant, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA and the PHRA.

5

15.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

16.    The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i)    Failure to provide an accessible entrance to the Subject Facility, due to multiple steps at said entrance, without an ADA-compliant ramp and/or an ADA-compliant wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14.

(ii)    Failure to provide a safe and accessible means of egress from the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.3.10.

(iii)    Failure to provide adequate access to the upper level due to a flight of steps leading to the upper level, with no elevator access, in violation of the requirements set forth in the 2010 Standards, 28 C.F.R. §36, Section 407.

(iv)    Failure to provide adequate access to the lower level "Basement Bar" due to a flight of steps leading to the lower level, with no elevator access, in violation of the requirements set forth in the 2010 Standards, 28 C.F.R. §36, Section 407.

6

(v)    Failure to provide an accessible entrance to the restroom on the main level, due to multiple steps at said restroom, without an ADA-compliant ramp and/or an ADA-compliant wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14.

(vi)    Failure to provide an accessible dining area, on the main level, due to multiple steps at said raised dining area, without an ADA-compliant ramp and/or an ADA-compliant wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14.

(vii)    The bar, with fixed stools and footstand, on main level, is higher than 34 inches above the finished floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of the bar counter, or a 60-inch wide section of it, to be 34 inches above the finished floor.

(viii)    The bar, on basement level, is higher than 34 inches above the finished floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of the bar counter, or a 60-inch wide section of it, to be 34 inches above the finished floor.

(ix)    Failure to provide accessible tables in main bar area, all of which are at inaccessible heights, in violation of 28 C.F.R. Part 36, Section 4.32.4.

(x)    The interior dining counters on main level, are higher than 34 inches above the finished floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of a dining

7

counter, or a 60-inch wide section of it, to be 34 inches above the finished floor.

(xi)    Failure to provide an accessible door handle at the restroom entrance on main level, that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.13.9.

(xii)   Failure to install the required rear grab bar in the restroom on main level, around an accessible toilet, in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(xiii)  Failure to install the required side grab bar in the restroom on main level, around an accessible toilet, in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(xiv)   Failure to install an accessible mirror in the restroom on main level, in compliance with 28 C.F.R. Part 36, Section 4.19.6.

(xv)    Failure to provide a paper towel dispenser in the restroom on main level, at  an accessible height, as required by 28 C.F.R. Part 36, Section 4.2.

(xvi)   Failure to provide a soap dispenser, at an inaccessible reach range in the restroom on main level, as required by 28 C.F.R. Part 36, Section 4.2.

(xvii)  Failure to provide a toilet paper dispenser, at an inaccessible reach range in the restroom on main level, as required by 28 C.F.R. Part 36, Section 4.2.

(xviii) Failure to provide an accessible locking mechanism on the restroom on main level, that can be operable with one hand and shall not require tight

8

grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.27.4.

(xix)   Failure to provide ADA-compliant signage at the restroom on main level, in violation of 28 C.F.R. Part 36, Section 4.30.

(xx)   The exterior dining counters are higher than 34 inches above the finished floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of a dining counter, or a 60-inch wide section of it, to be 34 inches above the finished floor.

(xxi)   The electronic jukebox machine is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(xxii)   Failure to provide securely attached floor mats at the entrance, in violation of 28 C.F.R. Part 36, Section 4.5.3.

(xxiii)   Failure to provide adequate directional and accurate informational signage throughout the Subject Facility, as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(xxiv)   Failure to provide signage, in the Subject Facility, addressing people with disabilities, telling them that accessible services are provided, as required by 28 C.F.R. Part 36, Section 4.30.4.

17.   Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

9

18.    To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19.    Pursuant to the ADA, 42 U.S.C. §12101, et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992.  To date, the Defendants have failed to comply with this mandate.

20.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

21.    The Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 6 as if set forth in their entirety here.

## COUNT II - VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 PA. STATUTE § § 951-963

22.    The Pennsylvania Human Relations Act, is comprised of the Pennsylvania Human Relations Act, 43 PA. Statute § § 951-963 (which provides the substance of the law) and Chapter 44 of the Pennsylvania Code, "Discrimination On The Basis Of Handicap Or Disability", and specifically 43 PA. Statute § 955 (collectively, the "PHRA").

23.    The PHRA prohibits discrimination by the Defendants as follows:

> For any person being the owner, lessee, proprietor, manager, superintendent, agent or employee of any **public accommodation**, resort, or amusement to: Refuse, withhold from, or deny to any person because of his race, color, sex, religious creed, ancestry, national origin or handicap or **disability** [emphasis added].  …

10

> The opportunity for an individual to obtain employment for which he is qualified, and to obtain all the accommodations, advantages, facilities and privileges of any public accommodation and of any housing accommodation and commercial property without discrimination because of race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of the blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals is hereby recognized as and declared to be a civil right which shall be enforceable as set forth in this act.

24. Defendants, BLACK SHEEP INC, a Pennsylvania corporation, d/b/a THE BLACK SHEEP PUB AND RESTAURANT, and GL SEVENTEENTH LP, a Pennsylvania limited partnership, are subject to the PHRA since they are a place of public accommodation as defined by this statute, and are in violation of both the PHRA and the ADA by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

25. Discrimination occurs once a Subject Facility refuses to remove architectural barriers present at said facility, or its refusal to take steps necessary to ensure that disabled persons that uses a wheelchair for mobility are not excluded or denied services at places of public accommodation. The Subject Facility in the instant case has failed to remove the architectural barriers, contrary and in violation of, the PHRA and the ADA.

26. According to the PHRA all persons in the Commonwealth of Pennsylvania are entitled to full and equal accommodations, advantages, facilities, and privileges of any place of public accommodation, such as this Subject Facility

27. Defendants' failure to observe the law has been ongoing and continuous, requiring declaratory and injunctive relief appropriate by means of the PHRA and the ADA and its implementing regulations.

11

28.    Defendants' failure to adhere to both the PHRA and the ADA is ongoing and continuous, requiring declaratory and injunctive relief appropriate by means of PHRA as well as 43 Pa. Statute § 955, Fed. R. Civ. P. 57, and 28 U.S.C. § 2201, and the ADA. and its implementing regulations.

29.    Defendants have violated the PHRA, 43 PA. Statute § 955, Fed. R. Civ. P. 57, and 28 U.S.C. § 2201 and the ADA by discriminating against the Plaintiff as a direct result of their failure to remove the architectural barriers that exist at the Subject Property, despite decades of statutory notice to comply with the ADA.

30.    The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 20 as if set forth in their entirety here.

## ATTORNEYS' FEES, COSTS AND DAMAGES

31.    The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  The Plaintiff is entitled to have her reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the PHRA.

32.    Declaratory Judgment against Defendants based on a violation of the Americans with Disabilities Act, by means of remedies enforced through 42 U.S.C. §12188(a)(1); Pennsylvania Human Relations Act, 43 Pa. Statute § 955 and Title 44 of the Pennsylvania Code, due to the Defendants' Subject Facility being continuously inaccessible to, and not independently usable by, individuals with disabilities who use a wheelchair for purposes of mobility;

33.    Plaintiff prays for judgment pursuant to the PHRA, 43 Pa. Statute § 955 and Title 44 of the Pennsylvania Code, including a demand for Damages in an amount to be

12

D.     The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E.     The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 10th day of December, 2024.

Respectfully submitted,

By: /S/ B. Bradley Weitz
    B. Bradley Weitz, Esq.
    Pennsylvania Attorney I.D.: 322199
    THE WEITZ LAW FIRM, P.A.
    Counsel for Plaintiff
    18305 Biscayne Blvd., Suite 214
    Aventura, Florida 33160
    Telephone: (305) 949-7777
    Facsimile: (305) 704-3877
    E-mail: bbw@weitzfirm.com

14

determined by this Court, as a result of the Defendants unlawful continuous discriminatory conduct and violation of the PHRA.

## INJUNCTIVE RELIEF

34.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and the PHRA, and closing the Subject Facility to the public until the requisite modifications have been completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A.    The Court declare that the Subject Property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA, the Pennsylvania Human Relations Act, 43 Pa. Statute § 955 and Title 44 of the Pennsylvania Code;

B.    The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA, the Pennsylvania Human Relations Act, 43 Pa. Statute § 955 and Title 44 of the Pennsylvania Code;

C.    The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

13

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

MICHELE A. LEAHY,                        CASE NO: 2:24-cv-06596-KSM

     Plaintiff,

vs.

BLACK SHEEP INC, a Pennsylvania
corporation, d/b/a THE BLACK SHEEP
PUB AND RESTAURANT, and GL
SEVENTEENTH LP, a Pennsylvania
limited partnership,

     Defendants.

_____

### FIRST SET OF CIV. RULE 33.1 INTERROGATORIES

     Plaintiff, MICHELE A. LEAHY (hereinafter the "Plaintiff"), through her undersigned counsel,

propounds the following interrogatories upon the Defendant, BLACK SHEEP INC, a Pennsylvania

corporation, d/b/a THE BLACK SHEEP PUB AND RESTAURANT (hereinafter, the "Defendant"),

and requests that they be answered separately, fully and under oath within thirty (30) days of

service pursuant to Fed.R.Civ.P. 33 and Civ. RULE 33.1.

*[Intentionally left blank]*

1

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served along

with the Complaint in this Action.

Respectfully submitted,

By: /S/ B. Bradley Weitz
   B. Bradley Weitz, Esq. (BW 9365)
   THE WEITZ LAW FIRM, P.A.
   Attorney for Plaintiff
   Bank of America Building
   18305 Biscayne Blvd., Suite 214
   Aventura, Florida 33160
   Telephone: (305) 949-7777
   Facsimile: (305) 704-3877
   Email: bbw@weitzfirm.com

2

## DEFINITIONS

(a) The words "you", "yours" and/or "yourselves" means: BLACK SHEEP INC, a Pennsylvania corporation, d/b/a THE BLACK SHEEP PUB AND RESTAURANT, and any investors, directors, officers, employees, partners, agents, shareholders, representatives or other persons acting, or purporting to act, on behalf of Defendant.

(b) The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive and the term "including" means "including without limitation".

(c) "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d) The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any, other matter relevant to the issues in this action, or which are themselves listed below as specific documents; including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, videotapes, or tape recordings.

(e) "Agent" shall mean: any agent, employee, partner, officer, director, shareholder, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f) "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(g) The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, rebuts, controverts or contradicts.

(h) The term "third party" or "third parties" refers to individuals or entities that are not a party to this action. The term "action" shall mean the case entitled MICHELE A. LEAHY vs. BLACK SHEEP INC, a Pennsylvania corporation, d/b/a THE BLACK SHEEP PUB AND RESTAURANT, and GL SEVENTEENTH LP, a Pennsylvania limited partnership, pending in the United States District Court, Eastern District of Pennsylvania.

(i) The word "identify" when used in reference to a document, means and: includes the name and address of the custodian of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

3

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

T. Francis Shields, President Judge    John J. Joyce, Deputy Court Administrator

|  | # SC-24-10-07-3572 |
|---|---|
| JPMorgan Chase Bank N.A.<br>c/o Scott & Associates, 6 Kacey Court<br>Suite 203<br>Mechanicsburg, PA 17055<br><br><br><br><br>*Plaintiff* | Thomas Holguin<br>1513 S 29th St<br>Philadelphia, PA 19146<br><br><br><br><br>*Defendant(s)* |

## IMPORTANT NOTICE TO ALL PARTIES



**THE MUNICIPAL COURT COMPLIES WITH THE AMERICANS WITH DISABILITIES ACT WHICH REQUIRES THAT ALL COURT SERVICES AND FACILITIES BE ACCESSIBLE TO PERSONS WITH DISABILITIES ON AN EQUAL BASIS TO THOSE WITHOUT DISABILITIES. IF YOU HAVE A DISABILITY, AND REQUIRE REASONABLE ACCOMMODATIONS TO FILE A CLAIM, PARTICIPATE IN A MUNICIPAL COURT PROCEEDING, OR USE ANY SERVICE PROVIDED BY THE COURT, PLEASE CALL 215-686-7986. REQUESTS FOR REASONABLE ACCOMMODATIONS MUST BE MADE AT LEAST (3) THREE BUSINESS DAYS BEFORE ANY HEARING, OR WITHIN (3) THREE BUSINESS DAYS AFTER SERVICE (DELIVERY) OF THE NOTICE OF THE HEARING, WHICHEVER IS LATER.**

## NOTA IMPORTANTE PARA TODO PERSONAS



**LA CORTE MUNICIPAL CUMPLE CON EL DECRETO DE AMERICANO INCAPACITADOS (AMERICANS WITH DISABILITIES ACT). ESTE DECRETO REQUIRE QUE TODOS LOS SERVICIOS Y FACILIDADES DE CORTE SEAN ACCESIBLE. A PERSONAS INCAPACITADAS, AL IGUAL QUE PERSONAS NO INCAPACITADAS. SE USTED ESTE INCAPACITADO Y NECESITA ACOMODACIONES RAZONABLES, PARA PODER RADICAR UNA DEMANDA, PARTICIPAR EN ALGUN PROCEDIMIENTO O UTILIZAR SERVICIOS EN LA CORTE MUNICIPAL POR FAVOR LLAME AL TELEFONE 215-686-7986. PARA SOLICITAR ACOMODACIONES RAZONABLES, DEBE LLAMAR POR LO MENOS TRES DIAS ANTES DE LA AUDIENCIA O DENTRO DE TRES DIAS DESPUES DE RECIBIR SU CITA, SEGUN O QUE OCURRA PRIMERO.**

3/02

## <u>INSTRUCTIONS</u>

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information pursuant to Civ. Rule 33.1(c). unless divulging the information would disclose the privileged information:

1) the nature of the privilege claimed (including work product);

2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

3) the date of the document or oral communication; if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate, the author, the addressee, and if not apparent, the relationship between the author and addressee;

4) if an oral communication, the place where it was made, the names of persons present while it was made, and if not apparent, the relationship of the persons present to the declarant; and

5) the general subject matter of the document or oral communication.

**<u>You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed.R.Civ.P. 26(e).</u>**

4

## INTERROGATORIES

  1.  Please provide the name, address and telephone number, place of employment, and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed.R.Civ.P. 7(a)), filed in this action, or any fact underlying the subject matter of this action.

Answer:

  2.  Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory number 1 may have.

Answer:

  3.  Please state the names, addresses, representatives of all entities that own or operate any part of the public accommodations described in the Complaint and state the specific nature of that entities interest in the premises.

Answer:

5

4.      Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

Answer:

5.      Please identify any document, including pertinent insurance agreements, deeds, and leases pertaining to any fact alleged in any pleading.

Answer:

6

**I HAVE READ THE FOREGOING ANSWERS TO INTERROGATORIES AND DO SWEAR THAT THEY ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.**

_____
AFFIANT

STATE OF PENNSYLVANIA
COUNTY OF _____

     BEFORE ME, the undersigned authority, personally appeared _____, who swears and deposes that he/she has read the Answers to Interrogatories and that the same are true and correct to the best of his/her knowledge and belief.

     SWORN TO AND SUBSCRIBED before me this _____ day of_____ 2025.

_____
STATE OF PENNSYVANIA
NOTARY PUBLIC

PRINT NAME:
Personally known by me, or
Produced Identification:
Type of Identification:
My Commission Expires:

7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

MICHELE A. LEAHY,                          CASE NO: 2:24-cv-06596-KSM

      Plaintiff,

vs.

BLACK SHEEP INC, a Pennsylvania
corporation, d/b/a THE BLACK SHEEP
PUB AND RESTAURANT, and GL
SEVENTEENTH LP, a Pennsylvania
limited partnership,

      Defendants.

_____

## FIRST REQUEST FOR PRODUCTION TO DEFENDANT

      Plaintiff, MICHELE A. LEAHY (hereinafter the "Plaintiff"), through her undersigned counsel, and

pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests the Defendant, BLACK SHEEP

INC, a Pennsylvania corporation, d/b/a THE BLACK SHEEP PUB AND RESTAURANT

(hereinafter, the "Defendant"), to respond to within thirty (30) days of service thereof.

*[Intentionally left blank]*

1

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served along

with the Complaint in this Action.

Respectfully submitted,

By: /S/ B. Bradley Weitz
    B. Bradley Weitz, Esq. (BW 9365)
    THE WEITZ LAW FIRM, P.A.
    Attorney for Plaintiff
    Bank of America Building
    18305 Biscayne Blvd., Suite 214
    Aventura, Florida 33160
    Telephone: (305) 949-7777
    Facsimile: (305) 704-3877
    Email: bbw@weitzfirm.com

2

1.      If any document is claimed to be immune from discovery on the ground of privilege, please indicate the author, date, recipient and general subject matter of the document, together with the basis on which the privilege is asserted, in lieu of propounding the document.

2.      If any of the documents cannot be produced in full, produce to the extent possible, and specify the reasons for the inability to produce the remainder.

3.      This document request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this request, you are hereby requested to produce such additional documents.

<u>DEFINITIONS</u>

1.      As used herein, "you" or "your" means the party to whom this request is directed, attorneys and accountants employed by that party or anyone or group of the foregoing or any other person acting for or on the behalf of or under its authority or control.

2.      As used herein, the terms "document" and "documents" include, but are not limited to, any written or graphic matter or record of any type of description including but not limited to, photocopies, recordings and all tangible things from which information can be processed or transcribed or retrieved (whether recorded, taped or coded electrostatically, electromagnetically or otherwise) whether originals or copies (including but not limited to carbon, handwritten, typewritten, microfilmed, photostatic or xerox copies) and including any non-identical copies, whether different from the original because of any alteration, notes, comments or other material contained thereon or attached thereto, or otherwise, wherever located, however produced or reproduced and in whatever language, and all other things on which words, figures, notations or writings are affixed or sounds in recordings in writing or by any other means, and any such material underlying, supporting or used in the preparation thereof.  It does not require production of duplications.

3.      In responding to this request, provide such documents as are available to you, not merely such documents as are within your own immediate possession.  This means you are to furnish documents which are known by or in the possession of your employees, partners, shareholders, representatives or agents, including your attorneys.

3

## REQUEST TO PRODUCE

1.      The deed to the real property and/or subject facility which is the subject of this action, and/or any and all leases and/or operational agreements and/or partnership agreements thereto to which defendant is a party.

2.      Any and all documents which reflect and/or relate to any and all remodeling of, construction on, and/or alterations to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date.

3.      Any and all contracts, work orders, receipts, reports and similar documents and agreements reflecting and/or relating to the remodeling of, construction on and/or alterations to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date.

4.      Any and all architect and/or engineer reports, plans and/or studies relating to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date.

5.      Any and all architect and/or engineer reports, plans and/or studies from January 1, 1992 to date relating modifications needed and/or performed to the real property and the buildings thereon in order to comply with the ADA.

6.      Any and all documents which reflect and/or relate to all sums paid by or on behalf of defendant and/or its predecessor(s) in interest for the remodeling of, construction on and/or alterations to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date, including, without limitations, invoices, receipts, and/or cancelled checks.

7.      All building permits applied for and/or obtained from January 1, 1990 to date regarding the property which is the subject of this action.

8.      Any and all documents and reports which reflect and/or relate to all work, if any, considered, planned and/or undertaken by or suggested to the defendant and/or its predecessors) in interest since August 1, 1990 regarding the property which is the subject of this action, in order to modify it so that it complies with the requirements of the Americans With Disabilities Act, 42 U.S.C. § 12101, et. seq. (hereinafter referred to as the "ADA").

9.      Any and all documents which reflect the defendant's and/or its predecessor(s) in interest's gross revenue derived from the subject real property for each year from January 1, 1990 to date including, without limitation, tax returns, income statements, and applications and/or information provided to lenders.

10.     Any and all documents which reflect and/or relate to expenses incurred and/or paid by or on behalf of defendant and/or its predecessor(s) in interest regarding the subject property for each year from January 1, 1990 to date.

4

11.     All documents which reflect and/or relate to designated disabled parking provided on, and in the vicinity of, the subject real property.

12.     Any and all documents which reflect and/or relate to rest room facilities designated for individuals with disabilities located on the subject property, including, without limitation, documents reflecting modifications to the rest rooms to ensure their compliance with the ADA.

13.     Any and all documents which reflect and/or relate to amounts expended to modify restrooms in the subject real property to assure their compliance with ADA.

14.     Any and all documents which reflect and/or relate to the accessible route from the parking areas, drop-of zone(s) and/or public thoroughfares to and throughout the building and to the primary functions of the building available to individuals with disabilities.

15.     Any and all documents reflecting and/or relating to resistance of doors in the subject premises.

16.     Any and all documents which reflect and/or relate to modifications to the doors in the subject building to assure their compliance with the ADA.

17.     Any and/all notices, demands and/or violations received by defendant and/or its predecessor(s) in interest, and/or their representative(s), from any individual, entity and/or county, municipal or other governmental agency which reflect and/or relate to ADA violations, violations of other state or federal laws, pertaining to accessibility for individuals with disabilities, and/or notices regarding accessibility for individuals with disabilities or a lack thereof.

5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

MICHELE A. LEAHY,                          CASE NO: 2:24-cv-06596-KSM

      Plaintiff,

vs.

BLACK SHEEP INC, a Pennsylvania
corporation, d/b/a THE BLACK SHEEP
PUB AND RESTAURANT, and GL
SEVENTEENTH LP, a Pennsylvania
limited partnership,

      Defendants.

_____


### FIRST SET OF CIV. RULE 33.1 INTERROGATORIES

Plaintiff, MICHELE A. LEAHY (hereinafter the "Plaintiff"), through her undersigned counsel, propounds the following interrogatories upon the Defendant, GL SEVENTEENTH LP, a Pennsylvania limited partnership (hereinafter, the "Defendant"), and requests that they be answered separately, fully and under oath within thirty (30) days of service pursuant to Fed.R.Civ.P. 33 and Civ. RULE 33.1.


*[Intentionally left blank]*


1

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served along

with the Complaint in this Action.

Respectfully submitted,

By: /S/ B. Bradley Weitz
B. Bradley Weitz, Esq. (BW 9365)
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877
Email: bbw@weitzfirm.com

2

## DEFINITIONS

(a) The words "you", "yours" and/or "yourselves" means: GL SEVENTEENTH LP, a Pennsylvania limited partnership, and any investors, directors, officers, employees, partners, agents, shareholders, representatives or other persons acting, or purporting to act, on behalf of Defendant.

(b) The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive and the term "including" means "including without limitation".

(c) "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d) The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any, other matter relevant to the issues in this action, or which are themselves listed below as specific documents; including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, videotapes, or tape recordings.

(e) "Agent" shall mean: any agent, employee, partner, officer, director, shareholder, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f) "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(g) The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, rebuts, controverts or contradicts.

(h) The term "third party" or "third parties" refers to individuals or entities that are not a party to this action. The term "action" shall mean the case entitled MICHELE A. LEAHY vs. BLACK SHEEP INC, a Pennsylvania corporation, d/b/a THE BLACK SHEEP PUB AND RESTAURANT, and GL SEVENTEENTH LP, a Pennsylvania limited partnership, pending in the United States District Court, Eastern District of Pennsylvania.

(i) The word "identify" when used in reference to a document, means and: includes the name and address of the custodian of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

3

**INSTRUCTIONS**

If you object to fully identifying a document or oral communication because of a privilege,

you must nevertheless provide the following information pursuant to Civ. Rule 33.1(c).

unless divulging the information would disclose the privileged information:

1) the nature of the privilege claimed (including work product);

2) if the privilege is being asserted in connection with a claim or defense governed by

state law, the state privilege rule being invoked;

3) the date of the document or oral communication; if a document: its type

(correspondence, memorandum, facsimile etc.), custodian, location, and such other

information sufficient to identify the document for a subpoena duces tecum or a

document request, including where appropriate, the author, the addressee, and if not

apparent, the relationship between the author and addressee;

4) if an oral communication, the place where it was made, the names of persons present while
it was made, and if not apparent, the relationship of the persons present to the declarant;
and

5) the general subject matter of the document or oral communication.


**You are under a continuous obligation to supplement your answers to these
interrogatories under the circumstances specified in Fed.R.Civ.P. 26(e).**

4

## **INTERROGATORIES**

      1.      Please provide the name, address and telephone number, place of employment, and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed.R.Civ.P. 7(a)), filed in this action, or any fact underlying the subject matter of this action.

Answer:

      2.      Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory number 1 may have.

Answer:

      3.      Please state the names, addresses, representatives of all entities that own or operate any part of the public accommodations described in the Complaint and state the specific nature of that entities interest in the premises.

Answer:

5

4.      Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

Answer:

5.      Please identify any document, including pertinent insurance agreements, deeds, and leases pertaining to any fact alleged in any pleading.

Answer:

6

**I HAVE READ THE FOREGOING ANSWERS TO INTERROGATORIES AND DO SWEAR THAT THEY ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.**

_____
AFFIANT

STATE OF PENNSYLVANIA
COUNTY OF _____

      BEFORE ME, the undersigned authority, personally appeared _____, who swears and deposes that he/she has read the Answers to Interrogatories and that the same are true and correct to the best of his/her knowledge and belief.

      SWORN TO AND SUBSCRIBED before me this _____ day of_____ 2025.

_____
STATE OF PENNSYVANIA
NOTARY PUBLIC

PRINT NAME:
Personally known by me, or
Produced Identification:
Type of Identification:
My Commission Expires:

7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

MICHELE A. LEAHY,                          CASE NO: 2:24-cv-06596-KSM

      Plaintiff,

vs.

BLACK SHEEP INC, a Pennsylvania
corporation, d/b/a THE BLACK SHEEP
PUB AND RESTAURANT, and GL
SEVENTEENTH LP, a Pennsylvania
limited partnership,

      Defendants.
_____


## FIRST REQUEST FOR PRODUCTION TO DEFENDANT

      Plaintiff, MICHELE A. LEAHY (hereinafter the "Plaintiff"), through her undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests the Defendant, GL SEVENTEENTH LP, a Pennsylvania limited partnership (hereinafter, the "Defendant"), to respond to within thirty (30) days of service thereof.


*[Intentionally left blank]*

1

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served along

with the Complaint in this Action.


Respectfully submitted,

By: /S/ B. Bradley Weitz
    B. Bradley Weitz, Esq. (BW 9365)
    THE WEITZ LAW FIRM, P.A.
    Attorney for Plaintiff
    Bank of America Building
    18305 Biscayne Blvd., Suite 214
    Aventura, Florida 33160
    Telephone: (305) 949-7777
    Facsimile: (305) 704-3877
    Email: bbw@weitzfirm.com

2

1.      If any document is claimed to be immune from discovery on the ground of privilege, please indicate the author, date, recipient and general subject matter of the document, together with the basis on which the privilege is asserted, in lieu of propounding the document.

2.      If any of the documents cannot be produced in full, produce to the extent possible, and specify the reasons for the inability to produce the remainder.

3.      This document request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this request, you are hereby requested to produce such additional documents.

<u>DEFINITIONS</u>

1.      As used herein, "you" or "your" means the party to whom this request is directed, attorneys and accountants employed by that party or anyone or group of the foregoing or any other person acting for or on the behalf of or under its authority or control.

2.      As used herein, the terms "document" and "documents" include, but are not limited to, any written or graphic matter or record of any type of description including but not limited to, photocopies, recordings and all tangible things from which information can be processed or transcribed or retrieved (whether recorded, taped or coded electrostatically, electromagnetically or otherwise) whether originals or copies (including but not limited to carbon, handwritten, typewritten, microfilmed, photostatic or xerox copies) and including any non-identical copies, whether different from the original because of any alteration, notes, comments or other material contained thereon or attached thereto, or otherwise, wherever located, however produced or reproduced and in whatever language, and all other things on which words, figures, notations or writings are affixed or sounds in recordings in writing or by any other means, and any such material underlying, supporting or used in the preparation thereof.  It does not require production of duplications.

3.      In responding to this request, provide such documents as are available to you, not merely such documents as are within your own immediate possession.  This means you are to furnish documents which are known by or in the possession of your employees, partners, shareholders, representatives or agents, including your attorneys.

3

## REQUEST TO PRODUCE

1.    The deed to the real property and/or subject facility which is the subject of this action, and/or any and all leases and/or operational agreements and/or partnership agreements thereto to which defendant is a party.

2.    Any and all documents which reflect and/or relate to any and all remodeling of, construction on, and/or alterations to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date.

3.    Any and all contracts, work orders, receipts, reports and similar documents and agreements reflecting and/or relating to the remodeling of, construction on and/or alterations to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date.

4.    Any and all architect and/or engineer reports, plans and/or studies relating to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date.

5.    Any and all architect and/or engineer reports, plans and/or studies from January 1, 1992 to date relating modifications needed and/or performed to the real property and the buildings thereon in order to comply with the ADA.

6.    Any and all documents which reflect and/or relate to all sums paid by or on behalf of defendant and/or its predecessor(s) in interest for the remodeling of, construction on and/or alterations to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date, including, without limitations, invoices, receipts, and/or cancelled checks.

7.    All building permits applied for and/or obtained from January 1, 1990 to date regarding the property which is the subject of this action.

8.    Any and all documents and reports which reflect and/or relate to all work, if any, considered, planned and/or undertaken by or suggested to the defendant and/or its predecessors) in interest since August 1, 1990 regarding the property which is the subject of this action, in order to modify it so that it complies with the requirements of the Americans With Disabilities Act, 42 U.S.C. § 12101, et. seq. (hereinafter referred to as the "ADA").

9.    Any and all documents which reflect the defendant's and/or its predecessor(s) in interest's gross revenue derived from the subject real property for each year from January 1, 1990 to date including, without limitation, tax returns, income statements, and applications and/or information provided to lenders.

10.    Any and all documents which reflect and/or relate to expenses incurred and/or paid by or on behalf of defendant and/or its predecessor(s) in interest regarding the subject property for each year from January 1, 1990 to date.

4

11.     All documents which reflect and/or relate to designated disabled parking provided on, and in the vicinity of, the subject real property.

12.     Any and all documents which reflect and/or relate to rest room facilities designated for individuals with disabilities located on the subject property, including, without limitation, documents reflecting modifications to the rest rooms to ensure their compliance with the ADA.

13.     Any and all documents which reflect and/or relate to amounts expended to modify restrooms in the subject real property to assure their compliance with ADA.

14.     Any and all documents which reflect and/or relate to the accessible route from the parking areas, drop-of zone(s) and/or public thoroughfares to and throughout the building and to the primary functions of the building available to individuals with disabilities.

15.     Any and all documents reflecting and/or relating to resistance of doors in the subject premises.

16.     Any and all documents which reflect and/or relate to modifications to the doors in the subject building to assure their compliance with the ADA.

17.     Any and/all notices, demands and/or violations received by defendant and/or its predecessor(s) in interest, and/or their representative(s), from any individual, entity and/or county, municipal or other governmental agency which reflect and/or relate to ADA violations, violations of other state or federal laws, pertaining to accessibility for individuals with disabilities, and/or notices regarding accessibility for individuals with disabilities or a lack thereof.

5