## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE A. LEAHY,<br><br>*Plaintiff,*<br><br>v.<br><br>BLACK SHEEP INC. d/b/a THE BLACK SHEEP PUB AND RESTAURNT, and GL SEVENTEENTH LP<br><br>*Defendants.* | CIVIL ACTION<br><br><br>Case No. 2:24-cv-06596-KSM |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
## WITH AFFIRMATIVE DEFENSES

Defendants Black Sheep Inc., d/b/a the Black Sheep Pub and Restaurant ("Black Sheep"), and GL Seventeenth LP ("GL Seventeenth") (collectively, "Defendants"), by and through their undersigned counsel, hereby submits this Answer to Plaintiff Michele A. Leahy ("Plaintiff's") Complaint With Affirmative Defenses, as follows:

### JURISDICTION AND PARTIES

1.      Denied as stated. In addition to an action for declaratory and injunctive relief under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq*., Plaintiff has also brought a claim for money damages and injunctive under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. §§951-963. Plaintiff's allegations regarding jurisdiction are denied as conclusions of law to which no response is required.

2.       Denied. Plaintiff's allegations regarding venue are denied as conclusions of law to which no response is required.

3.      Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. By way of further answer, the allegations in this paragraph are

1

denied because the remedies provided by the Pennsylvania Human Relations Act ("PHRA") are exclusive and require exhaustion of administrative remedies.

4.      Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, which are thus denied. By way of further answer, the allegations in this paragraph are denied as conclusions of law which require no response.

5.      Denied as stated. Admitted that Defendant GL Seventeenth LP is a Pennsylvania limited partnership which is authorized to and does conduct business within the Commonwealth of Pennsylvania, and that it is the owner and lessor of the real property located at 247 S. 17 Street, Philadelphia, Pennsylvania. The remaining allegations in this paragraph are denied.

6.      Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, which are thus denied. By way of further answer, the allegations in this paragraph regarding venue are denied as conclusions of law which require no response.

## COUNT I—ALLEGED VIOLATIONS OF
## THE AMERICANS WITH DISABILITIES ACT

7-9.    Denied as stated. Admitted that Congress enacted the ADA on or about July 26, 1990. The remaining allegations in these paragraphs regarding provisions of the ADA are denied as conclusions of law and because they refer to a writing, which speaks for itself. By way of further answer, Defendants deny that they violated any provisions of the ADA.

10-11. Denied. The allegations in these paragraphs are denied as conclusions of law which require no response.

12.     Denied. The allegations in these paragraphs are denied as conclusions of law which require no response. Defendants deny that the Subject Facility (as defined in the

Complaint) has begun operations or undergone substantial remodeling, repairs and/or alterations since January 26, 1990. Defendants further deny having sufficient income to make accessibility the modifications sought by Plaintiff.

13.    Denied. Defendants deny that they discriminated against Plaintiff or any others who are similarly situated under the ADA. The allegations in this paragraph are further denied as conclusions of law which require no response. By way of further answer, Defendants deny that they discriminated against Plaintiff or any others who are similarly situated under the ADA.

14.    Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, which are thus denied. The allegations in this paragraph are further denied as conclusions of law which require no response. By way of further answer, Defendants deny that they discriminated against Plaintiff or any others who are similarly situated under the ADA.

15.    Denied as stated. Admitted that federal regulations were promulgated to implement the requirements of the ADA in 1991. The remaining allegations in these paragraphs regarding those regulations are denied as conclusions of law and because they refer to a writing, which speaks for itself. By way of further answer, Defendants deny that they violated any ADA regulations.

16-19. Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. By way of further answer, Defendants deny that they violated any ADA regulations.

20.    Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

21.    Denied. Defendants repeat their previous responses as though set forth at length herein.

WHEREFORE, Defendants request judgment in their favor on Count I of Plaintiff's Complaint and an award of their costs and disbursements of this action, including attorneys' fees and such other relief as the Court may deem just and proper.

## COUNT II—ALLEGED VIOLATIONS OF THE
## PENNSYLVANIA HUMAN RELATIONS ACT

22-23.  Denied as stated. Admitted that the Pennsylvania General Assembly enacted the PHRA. The remaining allegations in these paragraphs regarding provisions of the PHRA are denied as conclusions of law and because they refer to a writing, which speaks for itself. Defendants deny that they violated any provisions of the PHRA.

24.    Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. By way of further answer, Defendants deny that they are in violation of the PHRA or the ADA or that they discriminated against Plaintiff.

25.    Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. By way of further answer, Defendants deny that they are in violation of the PHRA or the ADA or that they have any obligation to remove architectural barriers under the law.

26.    Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required. By way of further answer, Defendants deny that they are in violation of the PHRA.

27-29. Denied. The allegations in these paragraphs are denied as conclusions of law to which no response is required. By way of further answer, Defendants deny that they are in

violation of the PHRA or the ADA or their regulations, and deny that any declaratory or injunctive relief is appropriate in this case.

30.    Denied. Defendants repeat their previous responses as though set forth at length herein.

WHEREFORE, Defendants request judgment in their favor on Count II of Plaintiff's Complaint and an award of their costs and disbursements of this action, including attorneys' fees and such other relief as the Court may deem just and proper.

## ATTORNEYS' FEES, COSTS AND DAMAGES SOUGHT BY PLAINTIFF

31.    Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, which are thus denied. By way of further answer, the allegations in this paragraph are denied as conclusions of law which require no response. Defendants deny that Plaintiff is entitled to attorneys' fees in this case.

32-33. Denied. The allegations in these paragraphs are denied as conclusions of law to which no response is required. By way of further answer, Defendants deny that they are in violation of the PHRA or the ADA or their regulations, and further deny that money damages or declaratory or injunctive relief is appropriate in this case.

WHEREFORE, Defendants request judgment in their favor as to Plaintiff's Complaint and an award of their costs and disbursements of this action, including attorneys' fees and such other relief as the Court may deem just and proper.

## INJUNCTIVE RELIEF SOUGHT BY PLAINTIFF

34.    Denied as stated. The allegations in this paragraph are denied as conclusions of law to which no response is required. By way of further answer, Defendants deny that any injunctive relief is warranted under the ADA or PHRA in this case.

WHEREFORE, Defendants request judgment in their favor as to Plaintiff's Complaint and an award of their costs and disbursements of this action, including attorneys' fees and such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Defendants assert the following Affirmative Defenses in accordance with the Federal Rules of Civil Procedure:

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not engage in any discrimination against Plaintiff as alleged in her Complaint, and they have never authorized or ratified any discrimination against Plaintiff.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants took no action in violation of ADA or the PHRA, and Plaintiff cannot meet her burden of proving violations or harm under either statute.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' treatment of Plaintiff was lawful and in good faith at all times, and not in violation of the ADA, PHRA, public policy or common law.

FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she is not entitled to compensatory damages, declaratory relief and/or injunctive relief.

SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to compensatory damages, declaratory relief and/or injunctive relief to the extent sought in the Complaint.

SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches.

EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by license.

NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by release.

TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by res judicata.

ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver.

TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by failure to exhaust administrative remedies.

FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope or type of any claims asserted in relevant underlying administrative charges of discrimination filed with the applicable federal or state agencies and/or to the extent that they relate to the claims that were not investigated by the applicable federal or state agencies, subject to conciliation efforts, or properly averred.

FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged injury or damage suffered by Plaintiff was in no way caused by, or a result of, any fault, act or omission by Defendants, but was caused by circumstances, persons or entities for whom Defendants are not responsible and cannot be held liable.

SIXTEENTH DEFENSE

The extent to which Plaintiff's Complaint may be barred by any other defenses, including those contemplated by Rule 8 of the Federal Rules of Civil Procedure, they cannot be determined at this time without the benefit of discovery, and Defendants therefore reserve their right to assert all affirmative and other defenses as appropriate.

SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of standing.

EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the building identified as the Subject Facility in Plaintiff's Complaint, which was built in the Nineteenth Century, has been designated by the Philadelphia register of Historical Places as a Historic Building.

WHEREFORE, Defendants request judgment in their favor as to Plaintiff's Complaint and an award of their costs and disbursements of this action, including attorneys' fees and such other relief as the Court may deem just and proper.

THE PEARLMAN LAW FIRM, PLLC

Dated: February 5, 2025          By: _____

JASON L. PEARLMAN, ESQ. (PA 93879)
TWO BALA PLAZA, SUITE 300
BALA CYNWYD, PA 19004
Telephone (610) 660-7793
jpearlman@pearlmanlawfirm.com

*Counsel for Defendants*

9

VERIFICATION

I, James Stephens, do hereby certify that I am President of Defendant GL Seventeenth LP and that the facts contained in the foregoing Answer With Affirmative Defenses are true and correct to the best of my knowledge, information and belief.

I further understand that these statements are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsifications to authorities.

Dated: February 5, 2025            By: _____
                                       JAMES STEPHENS